```
               IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


TIM HART,

                          Plaintiff,
                                              CIVIL ACTION
          vs.                                 No. 04-3251-SAC

KATHLEEN SEBELIUS, et al.,

                          Defendants.
```

ORDER

Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in Lansing Correctional Facility in Lansing, Kansas. Plaintiff claims defendants required him to work in asbestos contaminated areas without adequate training or protective equipment, and seeks damages based on defendants' alleged deliberate indifference to his safety and well being.

The court noted plaintiff's bare assertion that plaintiff had exhausted administrative remedies on this claim, and directed plaintiff to make a more detailed showing of his full exhaustion of administrative remedies to avoid dismissal of the complaint. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). *See also* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of

applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004).

In response, plaintiff acknowledges that he did not pursue administrative relief, but states he feared adverse consequences if he asserted his concerns during his temporary assignment to particular ground crews. This is insufficient. Proper and full exhaustion of available administrative remedies is required under 42 U.S.C. § 1997e(a), even when a prisoner may not want to present his claims to prison officials. <u>Woodford v. Ngo</u>, 126 S.Ct. 2378 (2006). Accordingly, the court concludes the complaint should be dismissed without prejudice, based on plaintiff's noncompliance with the exhaustion requirement imposed by § 1997e(a).

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 13th day of July 2006 at Topeka, Kansas.

                         s/ Sam A. Crow
                         SAM A. CROW
                         U.S. Senior District Judge